IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

VOLVO GROUP NORTH AMERICA, LLC, )
                                          Plaintiff, )
      v. )       7:19CV419
) COMPLAINT FOR
INTERNATIONAL UNION UNITED ) DECLARATORY AND
AUTOMOBILE AEROSPACE AND ) INJUNCTIVE RELIEF
AGRICULTURAL IMPLEMENT )
WORKERS OF AMERICA, UAW ("UAW"); )
and UAW LOCAL NO. 2069, )
)
                                     Defendants. )
)

NOW COMES Plaintiff Volvo Group North America, LLC ("Volvo" or "Company"), and files this action seeking declaratory and injunctive relief pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), as follows:

**PARTIES**

1. Plaintiff Volvo is a corporation organized under the laws of the state of Delaware with a principal place of business in Greensboro, North Carolina. Volvo is engaged in the manufacture and distribution of heavy-duty trucks. It operates multiple facilities throughout the United States, including a manufacturing facility located in Dublin, Virginia, known as the New River Valley Plant (NRV). Volvo is an employer within the meaning of 29 U.S.C. § 152(2), and it is engaged in an industry affecting commerce as defined in 29 U.S.C. § 142 (1).

2. Defendant International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW") is an unincorporated labor organization, as defined in

1

29 U.S.C. § 152 (5). It is headquartered in Detroit, Michigan, where it represents employee-members throughout the United States, including members who reside in Virginia.

3. Defendant UAW Local No. 2069 ("Local 2069") is an unincorporated labor organization (as defined in 29 U.S.C. § 152(5)), subordinate to UAW, with an office located in Dublin, Virginia.

4. UAW and Local 2069 are the duly-designated exclusive representatives for collective bargaining purposes of two units of employees employed by Volvo at its NRV facility, an hourly production and maintenance unit and a salaried unit.

## COLLECTIVE BARGAINING RELATIONSHIP

5. Periodically, Volvo and UAW, for themselves and on behalf of Local 2069, negotiate a "Common" collective bargaining agreement setting forth the terms and conditions of all NRV represented employees. In addition, Volvo negotiates separate Local Supplemental Agreements with UAW and Local 2069 covering the production and maintenance unit and the salaried unit. The current Common Agreement and Local Supplemental Agreements are effective March 17, 2016 through March 16, 2021.

## JURISDICTION AND VENUE

6. Section 302(e) of the LMRA, 29 U.S.C. § 186(e), provides that the districts courts of the United States shall have jurisdiction "to restrain violations" of Section 302. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), authorizes the federal district courts, in "a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

7. As set forth herein, the Company and the Unions are parties to collective bargaining agreements, which contain various provisions requiring the Company and the Unions, on an

ongoing basis, to violate LMRA Sections 302(a), (b), and (c). This court has jurisdiction to restrain such ongoing violations.

8. Further, there exists an actual controversy between the parties regarding whether these contractual provisions do in fact violate Section 302. In anticipation of upcoming negotiations in certain other unrelated bargaining units, the Company advised the UAW of the Company's legal opinion that certain provisions of the various agreements between the Company and the UAW run afoul of Section 302 and that such provisions require modification. The Company further advised the UAW that absent its agreement, the Company would file this action seeking a declaration of the respective rights and obligations of all parties to these agreements. After consulting its legal counsel, the UAW advised the Company that it was their legal opinion that the agreements are entirely lawful under § 302.

9. Absent a determination by this Court of the respective rights and obligations of the parties, labor peace is threatened and the parties risk committing criminal offenses on an ongoing basis.

10. This Court has jurisdiction pursuant to LMRA Section 302(e) and 28 U.S.C. §§ 1331 and 2201(a).

11. Venue lies in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2), as one or more defendants reside within this district and the "events or omissions giving rise to the claim occurred" and are occurring in this district.

**OPERABLE FACTS**

12. Article 4, Section 1 of the current Common Agreement authorizes UAW to appoint, and obligates Volvo to recognize, a full-time Health and Safety Representative, a full-time Benefits Representative, and a full-time Employees Assistance Program (EAP) Representative. This

provision obligates Volvo to pay each of these full-time Union representatives "fifty (50) hours straight time" pay each week.

13. The UAW Health & Safety Representative, Benefits Representative, and EAP Representative perform no services on behalf of Volvo and are not supervised, directed, or controlled by Volvo. These representatives work solely and exclusively on behalf of the UAW and Local 2069 and are under their control and direction.

14. Article 4 of the NRV Production and Maintenance Local Supplemental Agreement provides that Local 2069 shall be represented by a full-time President, a full-time Bargaining Chairperson, and District Committeemen. The number of District Committeemen varies as the size of the work force increases or decreases; however, there currently are twelve (12) District Committeemen.

15. All Local 2069 District Committeemen, the full-time President and full-time Bargaining Chairperson represent the Unions on a full-time basis, but Volvo is contractually obligated to pay their wages— forty (40) hours per week. Further, all of these representatives are entitled to be paid for overtime when a specified number of employees are working overtime. These representatives perform no services on behalf of Volvo and are not supervised, directed, or controlled by Volvo. These representatives work solely and exclusively on behalf of the UAW and Local 2069 and are under their control and direction.

16. Article 4 of the NRV Salaried Employee Local Supplemental Agreement provides that the Union shall be represented by a full-time Chairperson, and two part-time Committee-persons. The Chairperson represents the Unions on a full-time basis, but Volvo is contractually obligated to pay his wages— forty (40) hours per week. The Chairperson performs no services on

5858495v.1
Case 7:19-cv-00419-EKD   Document 1   Filed 06/06/19   Page 4 of 8   Pageid#: 4

behalf of Volvo and is not supervised, directed, or controlled by Volvo. He works solely and exclusively on behalf of the UAW and Local 2069 and is under their control and direction.

17. Article 4 further provides that the two part-time Committee-persons "will work four (4) hours per workday for the Union", but are paid their full salary by Volvo. While working "for the Union", these Committee-persons perform no services on behalf of Volvo and are not supervised, directed, or controlled by Volvo. During such periods, these representatives work solely and exclusively on behalf of the UAW and Local 2069 and are under their control and direction.

18. Pursuant to the various provisions of the NRV Common Agreement and the two Local Supplemental Agreements, Volvo has paid the Unions' representatives at NRV substantial sums of monies. In 2017, Volvo paid such representatives in excess of one million dollars ($1,000,000). In 2018, Volvo paid such representatives in excess of one million, two hundred thousand dollars ($1,200,000). Volvo is contractually obligated to continue paying these Union representatives through March 16, 2021.

## FIRST CAUSE OF ACTION

### Declaratory Relief

19. Plaintiff incorporates by reference paragraphs 1 through 18 herein.

20. LMRA Section 302(a) makes it unlawful "for any employer . . . to pay, lend, or deliver, or agree to pay, lend, or deliver any money or other thing of value—(1) to any representative of any of his employees who are employed in an industry affecting commerce."

21. LMRA Section 302(b)(1) makes it unlawful "for any person to request, demand, receive, or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a)."

22. LMRA Section 302(c) sets forth certain enumerated exceptions from the provisions of Sections 302(a) and (b).

23. The provisions of the NRV Common Agreement and the Local 2069 Supplemental Agreements obligating Volvo to pay the wages of full-time Union representatives are in conflict with LMRA Sections 302(a) and (b). No exception set forth in LMRA Section 302(c) is applicable.

24. Although "no docking" contractual provisions under which active employees who periodically leave their job to perform union representation duties continue to be paid by their employer have been held lawful, the two part-time Committee-persons in the salaried unit are contractually obligated to "work for the" Union four (4) hours each day. Thus, they have two separate employers, and while employed by the Union, they are no longer employed by Volvo. Thus, "no docking" rules are inapplicable.

25. The contractual provisions obligating Volvo to pay the wages of part-time Committee-persons during those periods when they are employed by Local 2069 are in conflict with LMRA Sections 302(a) and (b). No exception set forth in LMRA Section 302(c) is applicable.

26. By honoring the aforesaid contractual obligations, the Company and the Unions have been, and will continue to be, noncompliant with LMRA Section 302. Such noncompliance, if willful, subjects the Company and the Unions to possible criminal prosecution.

27. There is an actual controversy between the parties regarding the lawfulness of these contractual provisions, both on their face and as applied by the parties.

28. The parties have been unable to mutually resolve this controversy.

29. All parties have an interest in this controversy being resolved through peaceful judicial resolution.

30. Such judicial resolution will minimize the potential for labor strife, thereby furthering the public interest.

31. Volvo requests that the Court declare the rights and legal relations of all parties.

## SECOND CAUSE OF ACTION

### Injunctive Relief

32. Plaintiff incorporates by reference paragraphs 1 through 31 herein.

33. The contractual obligations described above obligating Volvo to pay the wages of full-time Union representatives are continuing in nature and are proscribed by Section 302.

34. Ongoing compliance with these contractual obligations will result in continuing violations of LMRA Section 302 by all parties.

35. Volvo requests that the Court issue preliminary and permanent injunctive relief restraining such ongoing violations.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

1. Issue an Order declaring that all provisions of the NRV Common Agreement and the Local 2069 Supplemental Agreements obligating Volvo to pay the wages of full-time Union representatives are unlawful and in conflict with LMRA Sections 302, and that ongoing compliance with these provisions is prohibited by LMRA Section 302.

2. Issue an Order declaring that those provisions of the Local 2069 Salaried Local Supplemental Agreement obligating Volvo to pay the wages of part-time Committee-persons during all periods when they are "working for the" Union are unlawful and in conflict with LMRA Sections 302, and that ongoing compliance with these provisions is prohibited by LMRA Section

5858495v.1

302.

     3.      Order appropriate preliminary and permanent injunctive relief.

     4.      Grant such other relief as is just and equitable.

Respectfully submitted, this 6th day of June 2019.

          */s/* Robert P. Floyd, III
          Robert P. Floyd, III (VA Bar No. 42265)
          Constangy, Brooks, Smith & Prophete, LLP
          12500 Fair Lakes Circle, Suite 300
          Fairfax, Virginia 22033
          Telephone: (571) 522-6109
          Facsimile: (571) 522-6101
          Email: rfloyd@constangy.com

          **COUNSEL FOR PLAINTIFF**